On May 5, 1991, plaintiff Block Drug Company, Inc. filed a complaint against defendant, The Tidewater Group, Inc., alleging that: (1) on or about August 29, 1987, defendant entered into a contract with the plaintiff for the recruitment of an employee; (2) on or about October 19, 1987, defendant's recruit, Dr. Rifat Parvez, was hired by Reed Carnrick, a subsidiary of the plaintiff; (3) on or about October 19, 1987, plaintiff paid the defendant a recruitment fee of $14,000.00; (4) the contract between plaintiff and defendant stated that the recruited employee must work or the plaintiff for at least 180 days, and, if he did not, the defendant agreed to find an acceptable replacement within thirty (30) days, or the $14,000.00 fee would be returned to the plaintiff in full; (5) Parvez resigned on February 18, 1988, failing to complete 180 days of employment with plaintiff; and (6) defendant was informed of the resignation, failed to find a suitable replacement within thirty (30) days, and has refused to return the $14,000.00 recruitment fee.
Defendant denied plaintiff's allegations concerning a contract in its answer, dated August 7, 1989. On December 19, 1989, the court granted defendant's November 12, 1989 motion to implead Bernard Apotheker, pursuant to Conn. Practice Book Section 117. In its third-party complaint of January 5, 1990, defendant alleged that Apotheker, the Tidewater employee who recruited Parvez for a commission, is liable to indemnify Tidewater with the commission proceeds received for recruiting Parez.
Since the pleadings in the third-party action were delayed, the entire case, including plaintiff's original case, was placed on the court's Dormancy Calendar of April 11, 1990. At the call of the Dormancy Calendar, the court granted plaintiff's motion to exempt the case from the Dormancy List. At the same time, the court granted plaintiff's April 4, 1990 motion to sever, seeking to sever the third-party so as to CT Page 8103 allow plaintiff's first party action to go forward on its own.
Due to clerical error in claiming the severed case to the Trial List, the case was dismissed on June 22, 1990. On September 11, 1990, it was restored to the court's docket pursuant to plaintiff's August 14, 1990 motion to set aside the dismissal.
Plaintiff's motion for summary judgment, dated June 28, 1991, now comes before the court. Plaintiff's motion for summary judgment and defendant's memorandum in opposition to it refer to the same contract, a copy of which is attached to the motion for summary judgment and plaintiff argues that this contract governs its procurement of Parvez, defendant argues that it does not.
A genuine issue of material fact remains in this case: is the contract at issue intended by both parties to govern the procurement of Parvez? Plaintiff asserts that the contract concerns Parvez, while the defendant maintains that the contract at issue has nothing to do with the hiring of Parvez, but of an individual named M. Basile.
At issue is a question of contractual intent. "Contractual intention is generally held to be a question of fact." Mendel and Son, Inc. v. Krogh, Commissioner of Agriculture, 4 Conn. App. 117 (1985). "Cases dealing with questions of motive, intent, and subjective feelings and reactions are particularly inappropriate for a summary judgment procedure." Batick v. Seymour, 185 Conn. 632, 646-47 (1982). Given the disagreement as to whom the contract at issue applies, this matter is inappropriate for summary judgment.
The motion for summary judgment is denied.
JOHN J.P. RYAN, J.